**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| DAVID DUNN, SR., an Individual on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>THE LAW OFFICES OF JAY B. UMANSKY, P.C.,<br><br>　　　　Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>**AND**<br><br>**JURY TRIAL DEMAND** |

Plaintiff, David Dunn, Sr., on behalf of himself (hereinafter "Plaintiff"), and all others similarly situated, by and through his undersigned attorney, alleges against the Defendant the Law Offices of Jay B. Umansky, P.C. (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA" or "the Act"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Such collection practices include, *inter alia,* Defendant's failure comply with the validation of debt requirements in its initial communication with the Plaintiff pursuant to 15 U.S.C. § 1692g.

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found that the Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive and unfair debt collection practices by many debt collectors which contributed to personal bankruptcies, marital instability, loss of jobs and invasions of

individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

3.  The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer."

4.  To prohibit deceptive practices, the FDCPA at 15 U.S.C. § 1692g, sets forth the requirement for the validation of debts and the statements to be included by a debt collector (Defendant) in its initial communication with the consumer (Plaintiff). Among the statements required in such initial communication with the consumer is "a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt. 15 U.S.C. § 1692g(a)(4) (emphasis supplied).

5.  The Plaintiff, individually and behalf of all others similarly situated, seeks actual damages, statutory damages, attorneys' fees, costs and all other relief, legal or equitable in nature, as deemed appropriate by the Court, pursuant to the FDCPA, the Rosenthal Act and all other common or statutory law.

**JURSIDICTION AND VENUE**

6.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d).

7. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

8. Plaintiff is a natural person, who at all relevant times has resided in the city of Hillsboro, Jefferson County, State of Missouri, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Defendant is a professional corporation under the laws of and doing business in the State of Missouri with its principal place of business located at 12460 Olive Boulevard - Suite 118, St. Louis, MO 63141-6409, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who reside in the State of Missouri and have received within one year from the date of Plaintiff's Complaint similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, 15 U.S.C. § 1692, *et seq*. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable.

11. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendants which violate the FDCPA, 15 U.S.C. § 1692, *et seq*.

12, This Class satisfies all the requirements of F.R.C.P. Rule 23 for maintaining a class action.

13. The Class is so numerous that joinder of all members is impracticable. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate the FDCPA, 15 U.S.C. § 1692, *et seq.*

14. The debt collection notices/letters/communications received by the Class from the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

15. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated FDCPA § 1692, *et seq.* ; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

16. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

17. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

18. The members of the class have claims which are unlikely to be vindicated in the absence of a class action.

19. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

20. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

21. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

22. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

23. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**FACTUAL STATEMENT**

24. Upon information and belief, and at all times relevant to this litigation, Defendant has engaged in a course of collection attempts on a consumer debt allegedly owed by the Plaintiff, which originated with an allegedly remains due and owing to Eric J. Aubert,

DMD in the amount of $1092.10 for dental services on September 4, 2013, and is a "consumer debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

25. In a letter dated December 30, 2016 (hereinafter the "Collection Letter"), under the signature of Easter Canady, Account Administrator (a non lawyer) *inter alia*, that a debt was due and owing Eric J. Aubert, DMD in the amount of $1092.10 and such debt had been referred to Defendant for collection.

26, The Collection Letter was an attempt by Defendant to collect on a consumer debt.

27. Upon information and belief, the Collection Letter was the first written communication sent by Defendant to Plaintiff.

28. The Collection Letter provides, in pertinent part, as follows:

> "Our office has been employed by ERIC J. AUBERT, DMD to bring about the collection of the $1092.10 due on your account. It is extremely important that you arrange for payment to be made to our office.
>
> We will expect your response to this request. Please make certain to write our file number on your payment."
>
> IMPORTANT NOTICE:  PLEASE READ
>
> Unless you notify us within 30 days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid.  If you do notify us of a dispute, we will obtain verification of the debt and mail it to you.  Also, upon your written request within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor."

A true and accurate copy of the Collection Letter is annexed hereto and made a part hereof as Exhibit A.

29. The Plaintiff received the Collection Letter on or about January 4, 2017.

6

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT**
**15 U.S.C. § 1692g(a)(4)**

30.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29 of the Complaint and incorporates them by reference with the same force and effect as if set forth specifically herein.

31.     Defendant's Collection Letter failed to advise that the debt collector (Defendant) is only obligated to obtain verification of the debt if the consumer notifies the debt collector (Defendant) of the dispute in writing.

32.     Defendant's Collection Letter is in violation of 15 U.S.C. § 1692g(a)(4) which requires that a collection letter contain a statement that upon written notification from the consumer within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector (Defendant) will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

33.     Plaintiff has sustained information and related injury as a direct and proximate result of Defendant's failure to advise Plaintiff that the debt collector ((Defendant) is only obligated to obtain verification of the debt if the consumer (Plaintiff) notifies the debt collector (Defendant) of the dispute in writing.

**COUNT II**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e(10)**

34.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 33 herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's Collection Letter failed to make the required disclosures pursuant to 15 U.S.C. § 1692g.

36. Defendant's Collection Letter used false representations and deceptive means to attempt to collect a debt by failing to inform the consumer that the verification requirements contained in 15 U.S.C. § 1692g(a)(4) are only triggered by the consumer's written request.

37. Defendant's Collection Letter is in violation of 15 U.S.C. § 1692e(10) which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

38. Plaintiff has sustained injury as the target of Defendant's false and deceptive debt collection practices in violation of 15 U.S.C. § 1692e(10).

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triabal.

**RELIEF**

WHEREFORE, Plaintiff, David Dunn, Sr. respectfully requests that this Court enter judgment against the Defendant and on behalf of Plaintiff and all others similarly situated for the following:

A. Certifying the class as described above pursuant to Fed. R. Civ. P. 23(b)(3);

B. Declaring the Defendant's actions as described above to be in violation of the FDCPA;

C. An award of actual damages for the Plaintiff and all class members pursuant to 15 U.S.C. § 1692k(a)(1);

    D.    An award of statutory damages for the Plaintiff and all class members pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

    E.    An award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and.

    F.    Such other and further relief as the Court may deem just and equitable.

Dated this 31st Day of March 2017        Respectfully Submitted,

**DVORAK LAW, CHARTERED**

<u>s/ Richard D. Dvorak</u>
Richard D. Dvorak, Esq. MO Bar #43956
7111 W 98th Terrace, #140
Overland Park, KS 66212
Phone:  (913) 385-7990
Fax:  (913) 385-7997
richard@dvoraklaw.com